UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 07-40014-FDS |
| ALAN MASON, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR EVIDENTIARY HEARING AND REQUEST FOR FED. R. CRIM. P. 35(b) RELIEF

**SAYLOR, J.**

Defendant Alan Mason has filed a motion seeking an evidentiary hearing into the government's decision to not file a motion pursuant to Fed. R. Crim. P. 35(b) to reduce his sentence, and requesting that the Court grant him relief under Rule 35(b). For the reasons set forth below, the motion will be denied.

## I. Background

Mason pleaded guilty on September 6, 2007, to wire fraud and tax evasion. He did so pursuant to the terms of a plea agreement dated July 9, 2007, which contained a cooperation provision. The agreement provided that the U.S. Attorney would file a §5K1.1 motion "[i]n the event that Mason provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense." (Plea Agmt. at 7). The agreement further stated that the "determination whether Mason has provided substantial assistance rests solely in the discretion of the U.S. Attorney" and that the "U.S. Attorney expressly reserves the right to

decline to file a motion pursuant to U.S.S.G. §5K1.1 if Mason violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 8(a) above, or engages in any criminal conduct after the date he signs this Agreement." (*Id.*).

Prior to sentencing, the government advised the Court that it did not intend to file a §5K1.1 motion because, among other things, "Mason ha[d] failed to cooperate fully with the government, as required by his plea agreement, in providing information requested concerning possible criminal activity by others . . ." and had "withheld information when he believed it was in his interest to do so, and provided information which proved to be false." (Gov't. Mem. at 12-14). As for Mason's then-incomplete assistance in the state prosecution of Lawrence Trapasso, the government stated that it was "substantially outweighed by the selective, limited, and false information [Mason] provided to federal investigators." (*Id.* at 14). The government added that if Mason "continue[d] to cooperate with the A.G.'s Office and testifie[d] truthfully to the satisfaction of the A.G.'s Office, *consideration will be given* to whether a Motion should be filed under Fed. R. Crim. P. 35." (*Id.* at 12 (emphasis added)).

On July 15, 2008, this Court sentenced Mason to nine years in prison. In imposing sentence, the Court characterized Mason as "vague and evasive when it suits his purpose, self-justifying, angry, blaming others, and [ ] not any more cooperative than he needed to be."

In October 2008, Mason testified at Trapasso's trial. During the trial, the government learned that Mason had apparently provided false testimony concerning his motives for cooperating in that case. According to an article posted on the website of the Worcester Telegram & Gazette, Mason had testified that AUSA Mark Balthazard, the attorney for the government, had recently told Mason's attorney that "under no circumstances" would the U.S.

Attorney's Office help Mason regardless of his assistance to the state's case. Mason presumably so testified in an effort to enhance his credibility with the jury by convincing them he had nothing to gain personally from testifying against Trapasso. The government denied that Mr. Balthazard had made any such statement. After confirming with Mason's attorney that the testimony as reported was not true, the government sent an e-mail to Massachusetts Assistant Attorney General Renee Dupuis and Trapasso's defense attorney to advise them of that fact. According to Ms. Dupuis, Trapasso's attorney used the information in cross-examining Mason.

On March 30, 2009, Massachusetts Assistant Attorney General Richard Grundy, Chief of the Criminal Bureau, informed the U.S. Attorney's Office that Trapasso had been convicted of "taking money in exchange for agreeing to use political contacts to reinstate three individuals' right to operate a motor vehicle." Grundy advised that "Mason has complied with all of his obligations under the agreement [with the Massachusetts Attorney General], including testifying in the grand jury, participating in witness interviews and testifying at trial. Mr. Trapasso was convicted of all the charges relating to Mr. Mason's testimony." In a June 2, 2009 follow-up letter, Ms. Dupuis reported that Mason had "fully participated" in a pre-trial interview and that she had not found him to be selective in his responses, and she did not find that any of his responses were later proved false. She reported that Trapasso was convicted of all but one of the charges against him and that "certainly, Mr. Mason's testimony contributed to that circumstance."

On June 8, 2009, a written request for a Rule 35 review was submitted to the U.S. Attorney's Substantial Assistance Committee. On June 22, 2009, the Committee reported its decision that Mason had not provided substantial assistance to the government and, therefore, it did not authorize the filing of a Rule 35 motion.

**II.     Analysis**

"[F]ederal courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive" or "if the prosecutor's refusal to move was not rationally related to any legitimate Government end." *Wade v. United States*, 504 U.S. 181, 185-186 (1992). "When a defendant complains that an unconstitutional motive has animated the withholding of a Rule 35(b) motion, the government must satisfy a modest burden of production. To do so, it need only adduce facially adequate reasons explicating its decision. [citation omitted]. This is solely a burden of production, not a burden of persuasion." *United States v. Mulero-Algarin*, 535 F.3d 34, 39 (1st Cir. 2008) (affirming district court's denial of request for evidentiary hearing on government's refusal to file Rule 35(b) motion). "As long as the government satisfies this modest burden, the trial court need go no further unless the defendant makes a substantial threshold showing that the government acted in bad faith." *United States v. Alegria*, 192 F.3d 179, 187-188 (1st Cir. 1999) (affirming denial of defendant's request for evidentiary hearing, finding that the government had satisfied its burden of production by a proffer that the defendant's supplied information was "'[on] occasions . . . hearsay and on others . . . just too meager,' and also included 'self-serving rationalizations.'").

The government "does not act irrationally in refusing to file a substantial-assistance motion for a defendant who has provided substantial assistance but has been untruthful with the authorities while cooperating." *Mulero-Algarin*, 535 F.3d at 40, quoting *United States v. Licona-Lopes*, 163 F.3d 1040, 1044 (8th Cir. 1998). "Refusing to file a motion for a defendant who has not been completely truthful with authorities advances the legitimate governmental

interest in providing an incentive for defendants to cooperate fully." *United States v. Licona-Lopes*, 163 F.3d at 1042 (affirming denial of motion for evidentiary hearing on government's failure to move for a substantial assistance departure where cooperation included trial testimony resulting in conviction).  And "the mere rendition of assistance—even substantial assistance—does not give rise to an inference that the government's decision not to file a Rule 35(b) motion is driven by an illegitimate motive." *Mulero-Algarin*, 535 F.3d at 39-40.

According to the U.S. Attorney's office, its decision not to file a Rule 35 motion was based on "Mason's failure to fully and truthfully cooperate with the U.S. Attorney by not disclosing information in a timely manner and making demonstrably false allegations of criminal activity by others"; "Mason's minimizing his own fraudulent conduct before the Court and obstructing efforts by a victim to obtain recovery for its losses"; and "Mason's admissions of further misconduct during the sentencing hearing and his false testimony in the Trapasso trial." (Gov't. Mem. at 7).

Under the circumstances, the government has satisfied its burden of production of establishing a constitutional motive and a rational purpose.  Certainly it was not irrational for the government to conclude that Mason's actions were contrary to legitimate government interests.  Defendant has made no substantial showing that the government has acted in bad faith; defendant simply points to his cooperation in the Trapasso matter, suggesting in effect that his cooperation there is sufficient to create an inference of bad faith.  Under the circumstances, that is not enough.  Accordingly, no evidentiary hearing is necessary, and defendant's motion will be denied.

### III.     Conclusion

For the foregoing reasons, defendant's motion for an evidentiary hearing and request for Rule 35(b) relief is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: May 25, 2010 | United States District Judge |